IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KERRY COHEE RICHARDSON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ROGER POSEY, et al.,** )<br>)<br>Defendants. ) | No. CIV 24-261-RAW-JAR |

**OPINION AND ORDER**

On July 22, 2024, Plaintiff Kerry Cohee Richardson, a pro se prisoner at Oklahoma State Reformatory in Granite, Oklahoma, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. 1). On August 13, 2024, the Court directed him to file an amended complaint (Dkts. 8, 9), which was filed on September 13, 2024 (Dkt. 10). Plaintiff has named the following defendants in the amended complaint: Roger Posey Muskogee County Jail Administrator; Michelle Collins, Muskogee County Jail Administrator; Andy Simmons, Muskogee County Sheriff; James E. Moore, Muskogee Police Officer; Muskogee County Board of County Commissioners; the City of Muskogee; and the Oklahoma Municipality/Oklahoma Municipal Assurance Group.

Plaintiff alleges in Claim One of the amended complaint that on October 14, 2021, and May 22, 2023, Defendant James E. Moore, the booking and arresting officer, lied under oath at Plaintiff's arrest and trial. Moore allegedly stated that he searched Plaintiff and found methamphetamine on his person. Plaintiff claims there is video and audio footage of him and the officer at the amnesty point, and Plaintiff gave the officer drugs before going past that point. He then was charged with a felony. (Dkt. 10 at 5).

In Claim Two, Plaintiff asserts that Defendant Roger Posey testified at the jury trial on May

22, 2023, that Plaintiff "did right by his jail policy 'Amnesty Point' before going past the point to receive a felony." *Id.* Nonetheless, the jury found Plaintiff guilty and sentenced him to 22 years in prison. *Id.*

The Court has carefully reviewed the record and construes Plaintiff's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff is seeking an injunction against the defendants and monetary relief, contending he "did right by law and Muskogee County Jail [a]mnesty policy and gave the officer the illegal drugs after being searched [illegible] by [the] officer." (Dkt. 10 at 7). Because White is raising issues related to his arrest and criminal prosecution, the Court finds this civil rights complaint is not the proper vehicle to pursue his claims. Instead, White's claims must be presented in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (holding that a § 2254 petition challenges the validity of a conviction or sentence). Plaintiff, however, first must exhaust his state court claims under 28 U.S.C. § 2254(b)(1)(A).

To the extent Plaintiff seeks compensatory damages for the alleged unconstitutional search and seizure, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

already been invalidated." *Id*. The Court finds Plaintiff has not made this showing.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) for Plaintiff's failure to state a claim upon which relief may be granted. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 18th day of November 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA